UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

BOARD OF TRUSTEES )
CONSTRUCTION WORKERS )
PENSION TRUST FUND - )
LAKE COUNTY AND VICINITY, )
    Plaintiff, )
)
    v. ) CAUSE NO.: 2:18-CV-90-JEM
)
SONJA R. JONES PERTEET and )
MONTEL D. PERTEET, )
    Defendants, )
)
    and )
)
ESTATE OF LONNIE JAMES PERTEET, )
    Intervenor-Defendant. )

## OPINION AND ORDER

This matter is before the Court on Defendant Montel D. Perteet's and the Intervenor-Defendant The Estate of Lonnie James Perteet's Motion for Summary Judgment (Oral Argument not Requested) [DE 35], filed October 29, 2018, a Motion for Summary Judgment by Defendant Sonja R. Jones-Perteet [DE 37], filed October 30, 2018, and a Motion of Sonja R. Jones-Perteet to Strike the Affidavit of Johnetta S. Cooper [DE 41], filed November 29, 2018.

The parties have consented to have this case assigned to a United States Magistrate Judge to conduct all further proceedings and to order the entry of a final judgment in this case. Therefore, this Court has jurisdiction to decide this case pursuant to 28 U.S.C. 636(c).

### I. Procedural Background

On March 6, 2018, Plaintiff Board of Trustees Construction Workers Pension Trust Fund - Lake County and Vicinity filed its Complaint for Interpleader seeking determination of the

1

appropriate beneficiary for the pre-retirement death benefits of Lonnie James Perteet, listing Sonja R. Jones-Perteet, Lonnie's ex-wife, and Montel D. Perteet, Lonnie's adult son, as defendants and possible beneficiaries. On August 9, 2018, the Estate of Lonnie James by its representative Montel D. Perteet filed a motion to intervene, which was granted on August 28, 2018. On September 6, 2018, the Court granted Plaintiff's request that it be permitted to deposit the funds at issue in the case, and on September 26, 2018, after the funds were deposited, the Court discharged Plaintiff from all further liability and ordered that it be reimbursed reasonable fees, costs, and expenses from the funds.

Montel and the Estate filed their joint motion for summary judgment on October 29, 2018, and Sonja filed a response on November 29, 2018, along with the pending motion to strike. Sonja filed her motion for summary judgment on October 30, 2018, and on November 26, 2018, Montel and the Estate filed a response, although it is captioned as a reply brief. No reply briefs have been filed in support of either motion for summary judgment, and Montel and the Estate have not filed a response to the motion to strike.

## II.     Standard of Review

The Federal Rules of Civil Procedure mandate that motions for summary judgment be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Rule 56 further requires the entry of summary judgment, after adequate time for discovery, against a party "who fails to make a showing sufficient to establish the establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986) (citing Fed. R. Civ. P. 56(c)). "[S]ummary judgment is appropriate – in fact, is

mandated – where there are no disputed issues of material fact and the movant must prevail as a matter of law. In other words, the record must reveal that no reasonable jury could find for the non-moving party." *Dempsey v. Atchison, Topeka, & Santa Fe Ry. Co.*, 16 F.3d 832, 836 (7th Cir. 1994) (citations and quotations omitted).

In viewing the facts presented on a motion for summary judgment, a court must construe all facts in a light most favorable to the non-moving party and draw all legitimate inferences in favor of that party. *See Liberty Lobby*, 477 U.S. at 255; *Srail v. Vill. of Lisle*, 588 F.3d 940, 948 (7th Cir. 2009); *NLFC, Inc. v. Devcom Mid-Am., Inc.*, 45 F.3d 231, 234 (7th Cir. 1995). A court's role is not to evaluate the weight of the evidence, to judge the credibility of witnesses, or to determine the truth of the matter, but instead to determine whether there is a genuine issue of triable fact. *See Liberty Lobby*, 477 U.S. at 249-50.

### III. Factual Background

Before his death, Lonnie Perteet participated in the Construction Workers Pension Fund - Lake County and Vicinity Pension Plan, an employee benefit plan governed by the Employee Retirement Income Security Act of 1974, as amended, 29 U.S.C. § 1001 *et seq*. Lonnie died on April 27, 2017, with a benefit in the Plan in the amount of approximately $227,840.38. He has one adult son, Montel D. Perteet, his heir and the personal representative of the Estate in Indiana.

On February 2, 2007, Lonnie completed a Welfare Fund Beneficiary Designation Form that named Sonja, identified as his wife, as his beneficiary. No new beneficiary card has been filed or any other form completed identifying any other beneficiary. On December 12, 2011, a final divorce decree was issued in Texas dissolving the marriage between Lonnie and Sonja. As part of the divorce decree, Lonnie retained his employment benefits, including any pension plans. No qualified

domestic relations order (QDRO) was filed with the Board of Trustees for the Plan.

The Plan, as amended effective June 1, 2014, provides payment of benefits to the eligible spouse or, if the Participant "did not have an Eligible Spouse on the date of his death, the Participant's beneficiary shall be entitled to receive" payment of the benefits. The current beneficiary designation card includes the language: "If I have designated my spouse, this Designation shall be void upon the dissolution of my marriage to him or her." That language is not included on the card completed by Lonnie in 2007, and no card including that language was executed by Lonnie.

## IV. Analysis

### A. Motion to Strike

Federal Rule of Civil Procedure 56(c)(4) provides that "[a]n affidavit or declaration used to support or oppose a motion must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated." Fed. R. Civ. P. 56(c)(4). The Federal Rules of Evidence further provide, in relevant part, that "[a] witness may testify to a matter only if evidence is introduced sufficient to support a finding that the witness has personal knowledge of the matter. Evidence to prove personal knowledge may consist of the witness's own testimony." Fed. R. Evid. 602. Hearsay, which is defined as a declarant's out-of-court statement that a "party offers in evidence to prove the truth of the matter asserted in the statement," Fed. R. Evid. 801(a), (c), is not admissible unless allowed by statute, the Federal Rules of Evidence, or other rules created by the United States Supreme Court. *See* Fed. R. Evid. 802.

Sonja moves to strike an affidavit that was filed by the Estate in support of its motion to

4

intervene and was cited to in support of their motion for summary judgment. Because the affidavit was filed in support of an earlier motion, for which it was appropriate, the Court will not strike it from the docket. The affidavit addresses the divorce of Lonnie and Sonja and the content of the divorce decree. To the extent that it is relied upon by Montel and the Estate in their motion for summary judgment, the Court disregards it.

B.      Distribution of Benefits

ERISA provides for actions brought by a beneficiary "to recover benefits due to him under the terms of his plan." 29 U.S.C. § 1132(a)(1)(B). The Supreme Court has emphasized that claims for benefits "stand[] or fall by 'the terms of the plan,' a straightforward rule of hewing to the directives of the plan documents that lets employers 'establish a uniform administrative scheme, [with] a set of standard procedures to guide processing of claims and disbursement of benefits.'" *Kennedy v. Plan Adm'r for DuPont Sav. & Inv. Plan*, 555 U.S. 285, 300–01 (2009) (quoting 29 U.S.C. § 1132(a)(1)(B); *Egelhoff v. Egelhoff*, 532 U.S. 141, 148 (2001)). This allows the plan administrator "to look at the plan documents and records conforming to them to get clear distribution instructions, without going into court." *Kennedy*, 555 U.S. at 301.

In this case, the only beneficiary designation card designates Sonja, who was legally married to Lonnie at the time it was signed. He did not complete any other beneficiary designation cards or otherwise attempt to change the beneficiary. Montel and the Estate argue that at some point after 2007, when the designation was made, the Plan changed the format of the beneficiary cards, and they now explicitly state that dissolution of marriage voids the beneficiary designation. Montel and the Estate argue that the change in the card language retroactively invalidates the beneficiary designation card, such that there is no valid beneficiary and the funds should revert to Montel or the

5

Estate.

There are situations in which a divorce decree should be taken into account by the plan administrator, but there is no QDRO in this case, and Montel and the Estate do not argue that the divorce decree is a QDRO within the meaning of the statute. *See* 29 U.S.C. §1056(d)(3). Adopting the argument of Montel and the Estate would mean holding that any time a beneficiary designation form is edited or updated, it might potentially invalidate all of the previously-valid beneficiary forms. Furthermore, in this case it would elevate the language on a form not completed by the participant over the language in the Plan itself regarding beneficiary procedures, language that requires designation of an "Eligible Spouse or child" as beneficiary and delineates situations where the designation is automatically revoked, but does not list divorce as a method of revocation. *See* Construction Workers Pension Trust Fund - Lake County and Vicinity Pension Plan ¶ 6.9; Amendment No. 2 ¶ 6.9, at [DE 1-1 p. 34, 68]. That result would run completely counter to "ERISA's requirements that plans be administered, and benefits be paid, in accordance with plan documents." *Egelhoff*, 532 U.S. at 150; *see also Kennedy,* 555 U.S. at 301 ("[T]he cost of less certain rules would be too plain. Plan administrators would be forced to examine a multitude of external documents that might purport to affect the dispensation of benefits, and . . . it would destroy a plan administrator's ability to look at the plan documents and records conforming to them to get clear distribution instructions. . .") (quotation omitted). This is not a situation in which Lonnie attempted to change his beneficiary and the question is whether he complied with the plan or ERISA requirements to do so. *Cf., e.g., Burns v. Orthotek, Inc. Emp. Pension Plan & Tr.*, 657 F.3d 571, 573 (7th Cir. 2011); *Davis v. Combes*, 294 F.3d 931, 940 (7th Cir. 2002). Instead, Montel and the Estate argue that the Plan administrators should have realized that the designated beneficiary was no longer

the legal spouse of the decedent, and therefore that the beneficiary designation was invalid. The Court will not so hold. *See Egelhoff*, 532 U.S. at 149-50 ("Requiring ERISA administrators to master the relevant laws of 50 States and to contend with litigation would undermine the congressional goal of 'minimiz[ing] the administrative and financial burden[s]' on plan administrators.") (quoting *Ingersoll-Rand Co. v. McClendon*, 498 U.S. 133, 142 (1990)); *Boyd v. Metro. Life Ins. Co.*, 636 F.3d 138, 145 (4th Cir. 2011) ("If MetLife had ignored the beneficiary designation form on file and given dispositive weight to the separation agreement, it would have contravened the text of 29 U.S.C. § 1104(a)(1)(D), the terms of the plan, and the core principles animating *Kennedy*.").

Lonnie designated Sonja as his beneficiary in accordance with the Plan documents and requirements of ERISA. He did not attempt to change his beneficiary designation at any time, and, although the Plan explicitly provides that "any beneficiary designation previously made by Participant shall be automatically revoked on the marriage or remarriage of a Participant," it is not revoked upon divorce. Plan ¶6.9(b) [DE 1-1 p. 34] Accordingly, Sonja is entitled to judgment in her favor and distribution of benefits.

That determination does not mean that Montel and the Estate have no other recourse. "ERISA does not preempt post-distribution suits against ERISA beneficiaries." *Andochick v. Byrd*, 709 F.3d 296, 301 (4th Cir. 2013) (listing cases); *see also Metlife Life & Annuity Co. of Conn. v. Akpele*, 886 F.3d 998, 1007–08 (11th Cir. 2018) ("[A] party who is not a named beneficiary of an ERISA plan may not sue the plan for any plan benefits. A party, however, may sue a plan beneficiary for those benefits, but only after the plan beneficiary has received the benefits."); *Estate of Kensinger v. URL Pharma, Inc.*, 674 F.3d 131, 137 (3d Cir. 2012) ("[T]o the extent that ERISA is concerned with the expeditious payment of plan proceeds to beneficiaries, permitting suits against

beneficiaries after benefits have been paid does not implicate any concern of expeditious payment or undermine any core objective of ERISA.") (permitting post-distribution action for breach of contract against ex-spouse beneficiary).

In the Complaint in Intervention, the Estate alleges that the divorce decree waives Sonja's rights to the assets in question. It may be the case that Montel or the Estate may be able to successfully sue Sonja for the death benefits under applicable state law. The instant case is not structured as this type of contract dispute, and in their motion for summary judgment, Montel and the Estate request payment of the benefit from the fund under ERISA, not judgment against Sonja as the beneficiary.[1] Although the Complaint in Intervention refers to various state laws and claims about why Montel or the Estate are entitled to the benefits, this dispute is about dispersal of funds pursuant to ERISA and, as Montel and the Estate agree in their motion for summary judgment, distribution of benefits is governed by ERISA. To the extent that Montel and/or the Estate wish to bring claims against Sonja after the benefit has been distributed, they may bring an action in the appropriate state court, and this Order does not prejudice their ability to do so. However, those claims are not before the Court at this time.

## V. Conclusion

For the foregoing reasons, Sonja R. Jones-Perteet is entitled to the pre-retirement death benefits arising from the death of Lonnie James Perteet due under the Construction Workers Pension Fund - Lake County and Vicinity Pension Plan. The Court therefore **DENIES** Defendant Montel D.

---

[1] To the extent that the Estate is intending to bring a contract action against Sonja, that argument is not included in the summary judgment briefing and is thus waived. *See, e.g., Palmer v. Marion County*, 327 F.3d 588, 597 (7th Cir. 2003) (holding that claims not addressed in a summary judgment opposition brief are deemed abandoned); *Laborers Int'l Union of N. Amer. v. Caruso*, 197 F.3d 1195, 1197 (7th Cir. 1999) (stating that arguments not presented to the district court in response to summary judgment motions are waived).

Perteet's and the Intervenor-Defendant The Estate of Lonnie James Perteet's Motion for Summary Judgment (Oral Argument not Requested) [DE 35] and **GRANTS** the Motion for Summary Judgment by Defendant Sonja R. Jones-Perteet [DE 37]. The Court **DIRECTS** the Clerk of Court to enter judgment in favor of Sonja R. Jones-Perteet and to distribute the funds deposited into the Registry of the Court in this case to Sonja R. Jones-Perteet.

The Court **DENIES as moot** the Motion of Sonja R. Jones-Perteet to Strike the Affidavit of Johnetta S. Cooper [DE 41].

So ORDERED this 25th day of April, 2019.

s/ John E. Martin  
MAGISTRATE JUDGE JOHN E. MARTIN  
UNITED STATES DISTRICT COURT

cc: All counsel of record